UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALADIN RUSHDAN aka<br>ROBERT STANLEY WOODS,<br><br>       Plaintiff,<br><br>   vs.<br><br>D. DAVEY, et al.,<br><br>       Defendants. | 1:16-cv-00988-LJO-GSA-PC<br><br>ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS UNDER 28 U.S.C. § 1915(g)<br><br>ORDER VACATING AUGUST 2, 2016 ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DIRECTING CDCR TO DEDUCT FUNDS FOR THE FILING FEE<br>(ECF No. 6.)<br><br>ORDER FOR PLAINTIFF TO SUBMIT $321.47 BALANCE OWED FOR FILING FEE <u>WITHIN THIRTY DAYS</u>, OR CASE WILL BE DISMISSED<br><br>ORDER FOR CLERK TO SERVE THIS ORDER ON THE CDCR AND THE COURT'S FINANCIAL DEPARTMENT |

**I.     BACKGROUND**

Saladan Rushdan aka Robert Stanley Woods ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On July 1, 2016, Plaintiff filed the Complaint commencing this action, together with a motion to proceed in forma pauperis, in

1

the Sacramento Division of the U.S. District Court, Eastern District of California. (ECF Nos. 1, 2.) On July 11, 2016, the case was transferred to the Fresno Division. (ECF No. 4.) On August 2, 2016, the Court issued an order granting Plaintiff's motion to proceed in forma pauperis and directing the CDCR to deduct payments for the filing fee from Plaintiff's prison trust account and forward them to the Court. (ECF No. 6.)

## II.   THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## III.   ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. The Court has found evidence on the court record of three 1915(g) "strikes" against Plaintiff, which were all entered before this action was brought by Plaintiff on July 1, 2016.[1] The Court takes judicial notice of the following United States District Court cases filed by Plaintiff in the Eastern District of California: (1) 2:01-CV-00364-LKK-GGH Rushdan v. Terhune (dismissed on September 14, 2001, for failure to state a claim); (2) 2:02-CV-00524-DFL-DAD Rushdan v. Ramirez-Palmer (dismissed on August 2, 2002, for failure to state a claim); and (3) 2:08-CV-02453-DOC Rushdan v. Palmer (dismissed on June 9, 2009, for failure to state a claim).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v.

---

[1] The Court has examined the orders dismissing the three cases and finds that they constitute "strikes" within the meaning of § 1915(g).

Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.  Id. at 1057 n.11.  To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception.  See Andrews, 493 F.3d at 1053.   Plaintiff is suing D. Davey, Casas, Arnett, Rogue, T. Marsh, Geston, and Solis, who are all employees of Corcoran State Prison.  (Compl., pp. 4-9.)  Plaintiff claims that Defendants were deliberately indifferent to his medical needs by forcing him to double cell.  He further claims he is being treated by a prison physician rather than a non-prison physician in violation of a previous settlement agreement. The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint.  Thus, Plaintiff's allegations do not satisfy the imminent danger exception to section 1915(g).

Based on the foregoing, Plaintiff may not proceed in forma pauperis in this action. Accordingly, Plaintiff's in forma pauperis status shall be revoked and Plaintiff shall be required to submit the $321.47 balance of the filing fee in full, within thirty days.[2]

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's in forma pauperis status in this action is REVOKED;
2. The Court's order issued on August 2, 2016, granting Plaintiff's motion to proceed in forma pauperis and directing the CDCR to deduct funds from Plaintiff's prison trust account, is VACATED;

///

---

[2] To date, the Court has received payment of $78.53 for Plaintiff's filing fee in this case.  (Court Financial Records.)  The filing fee for this case is $350.00 plus a $50.00 administrative fee.  28 U.S.C. § 1914.  The $50.00 administrative fee does not apply to persons granted in forma pauperis status.  Id.  Because Plaintiff's in forma pauperis has been revoked, Plaintiff now owes a balance of $321.47 to pay the $400.00 filing fee in full.

3. Within thirty days from the date of service of this order, Plaintiff is required to submit the $321.47 balance owed for the filing fee, in full, or this case will be dismissed; and

4. The Clerk of the Court is DIRECTED to send a copy of this order to the CDCR and the Court's financial department.

IT IS SO ORDERED.

    Dated:   **December 1, 2016**          **/s/ Lawrence J. O'Neill**
                                                          UNITED STATES CHIEF DISTRICT JUDGE