UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALADIN RUSHDAN,<br>aka ROBERT STANLEY WOOD,<br><br>Plaintiff,<br><br>vs.<br><br>D. DAVEY, et al.,<br><br>Defendants. | 1:16-cv-00988-LJO-GSA-PC<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO COMPLY WITH COURT ORDER TO PAY FILING FEE<br>(ECF No. 12.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

Saladan Rushdan, aka Robert Stanley Wood, ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 1, 2016, the court issued an order revoking plaintiff's in forma pauperis status under 28 U.S.C. § 1915(g) and requiring plaintiff to pay the balance of the filing fee owed for this case in full, within thirty days. (ECF No. 12.) The thirty day period has now expired, and plaintiff has not paid the filing fee.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since July 1, 2016. The Court cannot continue to expend its scarce

1

resources assisting a litigant who will not resolve payment of the filing fee for his lawsuit. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is plaintiff's failure to pay the filing fee that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Given that plaintiff is a prisoner who has not paid the filing fee for this action, the Court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, IT IS HEREBY ORDERED that:

1. This case is DISMISSED, without prejudice, based on plaintiff's failure to comply with the court's order requiring him to pay the filing fee in full for this case; and

2. The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: **January 20, 2017**            **/s/ Lawrence J. O'Neill**
                                        UNITED STATES CHIEF DISTRICT JUDGE