UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALADIN RUSHDAN aka<br>ROBERT STANLEY WOODS,<br><br>        Plaintiff,<br><br>   vs.<br><br>D. DAVEY, et al.,<br><br>        Defendants. | 1:16-cv-00988-LJO-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE PROCEED ONLY AGAINST DEFENDANT CASAS FOR USE OF EXCESSIVE FORCE, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED FOR VIOLATION OF RULE 18, WITHOUT PREJUDICE TO PLAINTIFF TO FILE NEW CASES, AND FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 28.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN DAYS** |

### I. BACKGROUND

Saladan Rushdan aka Robert Stanley Woods ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On July 1, 2016, Plaintiff filed the Complaint commencing this action at the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) On July 11, 2016, the case was transferred to the Fresno Division of the Eastern District of California. (ECF No. 4.)

Plaintiff paid the filing fee for this case on January 24, 2017, and therefore he is not

proceeding *in forma pauperis.* (ECF No. 21.)

The court screened Plaintiff's Complaint and issued an order on September 15, 2017, requiring Plaintiff to either file an amended complaint or notify the court that he is willing to proceed with the claims found cognizable by the court. (ECF No. 23.) On November 15, 2017, Plaintiff filed a First Amended Complaint. (ECF No. 26.)

The court screened the First Amended Complaint and issued an order on February 14, 2018, dismissing the First Amended Complaint for violation of Rule 18, with leave to amend. (ECF No. 27.) On March 9, 2018, Plaintiff filed a Second Amended Complaint, which is now before the court for screening. (ECF No. 28.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as

true, legal

///

conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. COURT'S PRIOR SCREENING ORDER

The court's prior screening order, issued on February 14, 2018, dismissed the First Amended Complaint for violation of Rule 18 of the Federal Rules of Civil Procedure, with leave to amend. (ECF No. 27.) Therein, Plaintiff was advised as follows:

> Plaintiff alleges multiple claims in the First Amended Complaint that are largely unrelated. Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).
>
> In this instance, the court finds seven separate incidents in Plaintiff's First Amended Complaint which appear to be unrelated under Rule 18. Plaintiff is advised that claims are not related merely because they involve excessive force or because they pertain to Plaintiff's single- or double-cell status.[1]

---

[1] The court listed the seven separate incidents as follows:

(1) Incident in in 2013 when unnamed prison guards attacked Plaintiff, resulting in Plaintiff's detention in Ad-Seg and two SHU terms;
(2) Incident when defendant Davey gave the order to forcefully evict Plaintiff from the Hole; defendant Solis ordered Ad-Seg staff to forcefully attack and evict Plaintiff from the Hole because he refused to double-cell; defendant Solis participated in the attack and eviction; and defendant Arnett and his crew wheeled Plaintiff across the A-yard into building 2, to the cell door of cage #143, picked Plaintiff up bodily and threw him forcefully into the cage;
(3) Three more incidents after Plaintiff was out of Ad-Seg, when Plaintiff refused to double-cell and unnamed defendants forcefully placed him in a cell with another prisoner;
(4) Incident when the tower guard pointed a gun at Plaintiff and defendant Roque sprayed him with pepper spray;
(5) Incident when defendant Casas took Plaintiff from the shower area in 2A to escort him to medical, tried to slam his face into the wall, and squeezed the handcuffs on Plaintiff's wrists; incident on April 10, 2015, when defendant Casas refused to let Plaintiff attend his PTSD class and read Plaintiff's confidential psych file; incident when defendant Casas cursed at Plaintiff and

3

(ECF No. 27 at 9 ¶A.) Plaintiff was instructed to choose which related claims he wishes to pursue and re-allege only those claims in the Second Amended Complaint. Plaintiff was cautioned that if his Second Amended Complaint continued to violate Rule 18(a) despite this admonition, the court would decide which claims shall proceed. (ECF No. 17 at 10:21-27.)

Plaintiff's Second Amended Complaint continues to violate Rule 18(a). Plaintiff continues to allege all of his unrelated claims, arguing that all of his claims are related because Plaintiff "endured assault after assault from the same chain of events." (ECF No. 28 at 10:27-28.) However, as Plaintiff was advised in the prior screening order, his claims are not related simply because they all concern assaults against him because of his refusal to be housed in a double cell.

The court should only allow related claims to be brought in this case. Because Plaintiff has not selected the related claims he wishes to bring, the court shall make a choice for Plaintiff. Accordingly, this case should proceed only on Plaintiff's allegations and claims against defendant Casas. Plaintiff's claims against the remaining defendants should be dismissed from this action for violation of Rule 18, without prejudice to filing new cases based on the dismissed claims.

### III. PLAINTIFF'S ALLEGATIONS[2]

Plaintiff is presently a state prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), incarcerated at California State Prison-Los Angeles County in Lancaster, California. The events at issue in the Second Amended Complaint

---

        lied to the tower guard who controls unlocking cell doors, preventing Plaintiff from reporting to his work assignment; and incident when defendant Casas stood over Plaintiff and allowed his cell mate to rush over and strike Plaintiff without any attempt to stop him.

(6)    Incident on October 25, 2014, when defendant Geston threw Plaintiff down, cuffed him, forced him to crawl into the cell with inmate Brittain, and forced Plaintiff to sleep on the floor for three days;

(7)    Incident when defendant Marsh issued orders for defendant Arnett to throw Plaintiff into a cell that had been sprayed with pepper spray, after defendant Roque handled an incident with inmate White;

[2] These allegations only include Plaintiff's allegations against defendant Casas from the Third Amended Complaint, along with background information.

4

allegedly occurred at Corcoran State Prison (CSP) in Corcoran, California, when Plaintiff was incarcerated there. Plaintiff names as defendant Correctional Officer Casas ("Defendant").

Plaintiff's allegations follow.

### A. Background Information

Plaintiff was transferred from Solano State Prison to CSP in June 2013. Prior to his arrival, he had for decades been diagnosed and suffered from well-documented Keloids with complications. The condition occurred on Plaintiff's neck and chest after two minor surgeries, and Plaintiff's shoulder Keloid is a result of lack of treatment after a gunshot wound in prison.

In one of Plaintiff's prior cases, Rushdan v. Weden, 2:01-cv-00364-LKK-GGH-PC (E.D.Cal.), Plaintiff settled out of court with the CDC. Plaintiff contends that the settlement and subsequent actions by the Warden and Chief Medical Officer of California Medical Facility (CMF) gave Plaintiff a "liberty interest" in single-cell status. (ECF No. 1 at 6:8.) Plaintiff was promised in writing that he would remain at CMF during the duration of his medical treatment, and that the CDC would follow all of the specialist doctor's orders for said treatment.

After being transferred several times, Plaintiff arrived at CSP in 2013. Plaintiff was subsequently attacked by CSP prison guards who threw him into a cell with another prisoner. From that incident, Plaintiff was locked in Ad-Seg and assessed two SHU terms. Plaintiff had merely refused a cell partner. CSP staff lied on the reports.

### B. Excessive Force Allegations

Plaintiff alleges that defendant Casas and another guard, Navarro [not a defendant], took Plaintiff from the shower area in 2A building to escort him to medical after force was used against him in an attempt to forcefully double-cell Plaintiff. Plaintiff was handcuffed behind his back, which caused him extreme pain. While escorting Plaintiff across 3A yard, Casas asked Plaintiff, "What's your problem?" (ECF No. 28 at 13:3.)[3] Plaintiff responded, "The

---

[3] All page numbers cited herein are those assigned by the court's CM/ECF system and not based on Plaintiff's pagination of the Complaint.

same as last time, I'm supposed to be single-celled. And I'll see you in Court soon!" (Id. at 13:4-5.) Defendant Casas said, "Shut the F*ck up," and began maliciously digging her fingernails into Plaintiff's arm and twisted the skin. (Id. at 13:7.) The handcuffs were not on safety lock, and defendant Casas also began squeezing the left cuff on the wrist bone as hard as possible. When they reached the exterior of the medical clinic, defendant Casas told Plaintiff, "Put your face on that wall." (Id. at 13:15-16.) When Plaintiff moved to comply, defendant Casas grabbed the back of his neck and tried to slam his face into the wall. Plaintiff turned his face away and resisted the push. Having had defendant Casas attempt the same move in the past, Plaintiff was expecting it. Defendant Casas again began squeezing the handcuffs on Plaintiff's wrist bone. Plaintiff's nerve muscles in his left thumb were permanently damaged. This was in addition to the serious trauma and pain suffered during the entire assault. Even the placing of Plaintiff's hands behind his back caused extreme pain to Plaintiff's chest and shoulder. There was no necessity for the use of force.

### C. State Law Claims

Plaintiff alleges that Defendant violated state laws and regulations, and the rules in the prison's Department Operations Manual. According to Department Operations Manual 51020.12.3, the use of force must be videotaped and a verbal warning must be issued prior to initiating force. None of this was done. Defendant failed to comply with all applicable laws and regulations and to uphold all ethical standards of conduct.

### D. Retaliation

Plaintiff alleges that since his arrival at CSP and his re-assignment to the same yard, defendant Casas has carried out a personal vendetta against Plaintiff. On two occasions, defendant Casas attempted to slam Plaintiff's face into a concrete wall when he was in handcuffs. Defendant has a history of doing the same to other prisoners. Defendant Casas cursed Plaintiff after asking him a question and lied to the tower guard, who controls unlocking cell doors, telling the guard that Plaintiff was done for the night. This violated the Work Incentive Program and prevented Plaintiff from reporting to his work assignment, causing him loss of wages.

She (Casas) also blatantly read Plaintiff's legal mail prior to delivery to Plaintiff. Then defendant Casas falsified information on a 602 grievance, claiming no contact with Plaintiff. On April 10, 2015, defendant Casas refused to let Plaintiff attend his PTSD class and stood in plain sight reading Plaintiff's confidential psych file. When the psychologist admonished Casas, Casas said, with a sneaky smile, "I'm not reading the file," and continued to read it. (ECF No. 28 at 19:19.)

In another incident, defendant Casas allowed Plaintiff to be assaulted by his cell mate. Plaintiff was seen by staff back pedaling from the alleged charge of his then cellmate. Defendant Casas, who was within three feet of Plaintiff, yelled, "Get down!" which Plaintiff did. While standing directly over Plaintiff, defendant Casas allowed Plaintiff's cell mate to rush over and strike Plaintiff without any attempt to stop him.

### E. Plaintiff's Injuries

Plaintiff alleges that as a direct result of Defendant Casas's actions, Plaintiff has suffered from exacerbated Keloids, pain to his neck, chest, and shoulder, and nerve damage to his left thumb.

### F. Relief Requested

Plaintiff requests monetary damages, including punitive damages, and injunctive relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los

Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

**A.  Excessive Force – Eighth Amendment Claim**

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual

punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

The court finds that Plaintiff states a cognizable claim against defendant Casas for use of excessive force in violation of the Eighth Amendment.

### B. Retaliation -- First Amendment Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). The court must "'afford appropriate deference and flexibility' to prison

officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (9th Cir. 1995) (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

///

Here, Plaintiff has established that defendant Cases took adverse actions against him when she used excessive force against him, interfered with his ability to report to work, read his legal mail before delivering it to him, and allowed his cell mate to attack him. Therefore, Plaintiff has satisfied the first element of a retaliation claim.

However, Plaintiff fails to satisfy the second and third elements. Plaintiff makes no allegation that he was participating in conduct protected under the First Amendment and that Defendant took adverse actions against him *because* of his protected conduct. Therefore, Plaintiff fails to state a claim for retaliation against Defendant Casas.

### C.     State Law Claims

Violation of state tort law, state regulations, rules and policies of the CDCR, the state constitution, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

Plaintiff alleges that Defendant failed to comply with Department Operations Manual 51020.12.3, which requires the use of force to be videotaped and requires a verbal warning to be issued prior to initiation force. Because the court has found a cognizable claim for excessive force in the Second Amended Complaint, the court shall exercise supplemental jurisdiction over Plaintiff's related state law claims.

### D. Injunctive Relief

In addition to monetary damages, Plaintiff requests injunctive relief. Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> "[t]he court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief."

18 U.S.C. § 3626(a)(1)(A).

Furthermore, when an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Here, the events at issue in the Second Amended Complaint occurred at CSP, but Plaintiff is now housed at California State Prison-Los Angeles County. Therefore, Plaintiff's requests for injunctive relief concerning conditions he was subjected to at CSP are moot.

### V. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff's Second Amended Complaint states a cognizable claim against defendant Casas for use of excessive force in violation of the Eighth Amendment, and related state law claims, but no other claims. The court also finds that Plaintiff's remaining claims and defendants should be dismissed from this action for violation of Rule 18 and failure to state a claim.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This case proceed only on Plaintiff's excessive force claim and related state law claims against defendant C/O Casas;
2. All other claims and defendants be dismissed from this case for violation of Rule 18 of the Federal Rules of Civil Procedure, without prejudice to filing new cases based on the dismissed claims, and for failure to state a claim;

11

3. Defendants D. Davey, C/O Roque, C/O Geston, Sergeant Solis, Sergeant Arnett, Lieutenant T. Marsh, and C/O Geston be dismissed from this action for violation of Rule 18;

4. Plaintiff's claims for violation of the Equal Protection Clause of the Fourteenth Amendment and for adverse conditions of confinement under the Eigth Amendment be dismissed from this action for violation of Rule 18, without prejudice to filing new cases based on the dismissed claims;

5. Plaintiff's claims against defendant Casas for retaliation in violation of the First Amendment be dismissed from this action based on Plaintiff's failure to state a claim; and

6. This case be referred back to the Magistrate Judge for all further proceedings, including initiation of service of process.

IT IS SO ORDERED.

Dated: **August 21, 2018**          **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE