UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALADIN RUSHDAN aka<br>ROBERT STANLEY WOODS,<br><br>          Plaintiff,<br><br>   vs.<br><br>D. DAVEY, et al.,<br><br>          Defendants. | 1:16-cv-00988-LJO-GSA-PC<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR HIS FAILURE TO EFFECT SERVICE UPON DEFENDANT CASAS**<br>**(ECF No. 36.)**<br><br>**THIRTY DAY DEADLINE** |

**I.    BACKGROUND**

Saladan Rushdan, aka Robert Stanley Woods ("Plaintiff"), is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff paid the filing fee for this case on January 24, 2017, and therefore he is not proceeding *in forma pauperis* in this case. (ECF No. 21.)

This case now proceeds with Plaintiff's Second Amended Complaint filed on March 9, 2018, against defendant Correctional Officer Casas ("Defendant") for use of excessive force in violation of the Eighth Amendment and related state claims. (ECF No. 28.)

On October 16, 2018, the court issued an order directing Plaintiff to serve defendant Casas with a summons and copy of the Second Amended Complaint. (ECF No. 36.) Plaintiff is not proceeding *in forma pauperis* in this case and is therefore responsible for serving process himself. Plaintiff was provided with the documents and instructions needed to serve process and was

1

ordered to complete service of process within ninety days. (Id.) Plaintiff was advised that after service of process is completed he is required to file with the court a proof of service, or waiver of service form, demonstrating that service has been completed. The ninety-day time period has expired and Plaintiff has not filed a proof of service, waiver of service form, or any other response to the court's order.

## II. SERVICE OF PROCESS -- RULE 4

Rule 4 of the Federal Rule of Civil Procedure governs service of process. If a plaintiff is proceeding *in forma pauperis*, the court is required to direct the United States marshal to serve process on behalf of the plaintiff. Fed. R. Civ. P. 4(c)(3). Otherwise, "[t]he plaintiff [himself or herself] is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2).

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Moreover, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. (c)(3).

Here, Plaintiff failed to comply with the ninety-day deadline to serve process upon defendant Casas. Therefore, the court now issues an order for Plaintiff to show cause why this case should not be dismissed for his failure to timely effect service upon defendant Casas.

## III. ORDER TO SHOW CAUSE

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a written response to this order, showing cause why the court should not dismiss this case in its entirety based on Plaintiff's failure to timely serve process upon defendant Casas; and

2. The failure to respond to this order or the failure to show cause will result in the dismissal of this action in its entirety.

IT IS SO ORDERED.

Dated: **March 12, 2019**     **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE