UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALADIN RUSHDAN aka ROBERT STANLEY WOODS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>D. DAVEY, et al.,<br><br>　　　　Defendants. | 1:16-cv-00988-LJO-GSA-PC<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR ASSISTANCE WITH SERVICE**<br>**(ECF No. 48.)** |

Saladan Rushdan, aka Robert Stanley Woods, ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff paid the filing fee for this case on January 24, 2017, and therefore he is not proceeding *in forma pauperis*. (ECF No. 21.)

This case now proceeds with Plaintiff's Second Amended Complaint filed on March 9, 2018, against defendant Correctional Officer Casas ("Defendant") for use of excessive force in violation of the Eighth Amendment and related state claims. (ECF No. 28.)

On October 26, 2018, the court issued an order directing Plaintiff to serve process upon Defendant Casas and file a proof of service with the court within ninety days. (ECF No. 36.) Plaintiff was provided with documents and instructions for serving process.[1] (Id.) The ninety-day time period has expired and Plaintiff has failed to file a proof of service with the court or otherwise demonstrate that service had been completed.

---

[1] Because Plaintiff is not proceeding *in forma pauperis*, he is responsible for serving process himself.

1

On March 12, 2019, the court issued an order requiring Plaintiff to respond and show cause why this case should not be dismissed based on his failure to serve process. (ECF No. 45.) On April 8, 2019, Plaintiff notified the court that he had not received the court's October 16, 2018 order, or the attached service documents. (ECF No. 46.) On April 12, 2019, the court re-served the October 16, 2018 order and documents on Plaintiff and granted him ninety days in which to serve process. (ECF No. 47.)

On April 12, 2019, Plaintiff filed a motion to compel the CDCR to provide a current address for defendant Casas. (ECF No. 48.) Plaintiff states that he was told that defendant Casas is no longer at Corcoran State Prison and that he (Plaintiff) needs Defendant's address to effect personal service. The court construes Plaintiff's motion as a request for assistance with service.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, upon Plaintiff's request the court is authorized to order that service be made by a United States marshal or deputy marshal. Fed. R. Civ. P. 4(c)(3). Here, Plaintiff has requested assistance from the court in serving defendant Casas. Therefore, by separate order, the court shall direct the United States Marshal to serve process upon defendant Casas on Plaintiff's behalf. In the order the Marshal shall be instructed to use the assistance of the Legal Affairs Division of CDCR, if needed, to obtain a current address for defendant Casas.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for assistance with service, filed on April 22, 2019, is GRANTED;

2. By separate order, the court shall direct the United States Marshal to serve process upon defendant Casas on Plaintiff's behalf.

IT IS SO ORDERED.

Dated: **June 21, 2019**         **/s/ Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE