UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALADIN RUSHDAN aka ROBERT STANLEY WOODS,<br><br>    Plaintiff,<br><br>vs.<br><br>D. DAVEY, et al.,<br><br>    Defendants. | 1:16-cv-00988-NONE-GSA-PC<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT CASAS**<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT, WITHOUT PREJUDICE**<br><br>**(ECF No. 56.)**<br><br>**ORDER DIRECTING CLERK TO ENTER DEFAULT AGAINST DEFENDANT CASAS** |

## I. PROCEDURAL HISTORY

Saladan Rushdan, aka Robert Stanley Woods ("Plaintiff"), is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Second Amended Complaint (2ACP) filed on March 9, 2018, against defendant Correctional Officer Casas ("Defendant") for use of excessive force in violation of the Eighth Amendment and related state claims.[1] (ECF No. 28.)

On December 23, 2019, Plaintiff filed a request for entry of default and a motion for default judgment against Defendant Casas. (ECF No. 56.) Defendant Casas has not filed an

---

[1] On October 22, 2018, the court issued an order dismissing all other claims and defendants from this action, for violation of Rule 18 and failure to state a claim. (ECF No. 35.)

1

opposition or otherwise responded to Plaintiff's request for entry of default or motion for default judgment. Based on the applicable law, the court shall grant Plaintiff's request for entry of default and shall order the Clerk of Court to enter default against Defendant Casas.

## II. BACKGROUND

On July 29, 2019, the court issued an order directing the United States Marshal (Marshal) to serve process on Defendant Casas. (ECF No. 53.) On August 1, 2019, the Marshal served the 2ACP on Defendant Casas at the R.J. Donovan Correctional Facility in San Diego, California, and on August 2, 2019, Defendant Casas executed a waiver of service of summons form which was submitted to the court on August 5, 2019 by the Marshal. (ECF No. 54.) The waiver of service form informed Defendant Casas that her response to Plaintiff's 2ACP was due to be filed within 60 days after August 1, 2019. Fed. R. Civ. P. 12(a), 6(d). (Id.) The 60-day time period passed and Defendant did not make an appearance in this case or request an extension of time to respond to the 2ACP.

On December 3, 2019, the court issued an order to show cause (OSC) requiring Defendant Casas to file a response within 30 days showing cause why default should not be entered against her for failing to file a response to the 2ACP. (ECF No. 55.) The OSC was served on Defendant Casas at Corcoran State Prison in Corcoran, California, where Defendant Casas was employed during the events at issue in the 2ACP. (Id.) On December 13, 2019, the U. S. Postal Service returned the OSC to the court with a notation on the envelope that the mail was "Undeliverable, Return to Sender, Refused, Unable to Forward." (Court docket.)

On December 23, 2019, Plaintiff filed a request for entry of default and motion for default judgment against Defendant Casas. (ECF No. 56.)

On January 8, 2020, the court issued another OSC, requiring Defendant Casas to file a response within thirty days showing cause why default should not be entered against her. (ECF No. 57.) The OSC was served on Defendant Casas at the R.J. Donovan Correctional Facility, 480 Alta Road, San Diego, CA 92179, where service of process upon Defendant Casas was successfully executed on August 1, 2019. (Id.) Defendant was forewarned in the court's OSC that her failure to respond to the OSC may result in entry of default against her. (Id. at 2.) The

thirty-day time period passed and Defendant Casas did not file any response to the OSC. As of the date of this order, the OSC was not returned to the court by the U.S. Postal Service as undeliverable.

**III.    ANALYSIS**

Entering default is a two-step process. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after default is properly entered, a party seeking relief other than a sum certain must apply to the court for a default judgment. Fed. R. Civ. P. 55(b).

Thus, to accomplish the first step here, Plaintiff has filed a request for the court to enter default against Defendant Casas. (ECF No. 56.)

The court's record shows that Defendant Casas was served with the 2ACP and notified that she was required to file a response. On August 1, 2019, Defendant was served by the U.S. Marshal with Plaintiff's 2ACP at the R.J. Donavan Correctional Facility, and Defendant signed a waiver of service of summons form on August 2, 2019. (ECF No. 54.) The waiver of service form notified Defendant that the deadline for filing a response to the 2ACP was 60 days from August 2, 2019 (Id.) The 60-day time period passed and Defendant failed to file any response. (Court record.) Defendant Casas has had ample time to file a response but she failed to do so. In fact, as of the date of this order more than 8 months have passed since Defendant was served with the 2ACP.

On December 3, 2019, the court attempted to serve Defendant Casas with the court's first OSC at Corcoran State Prison, but was unsuccessful. The first OSC was returned to the court by the United States Postal Service as undeliverable. (Court record.)

On January 8, 2020, the court issued the second OSC, serving Defendant Casas at the R.J. Donovan Corrections Facility. As stated above, Defendant Casas had been successfully served with the 2ACP at the R.J. Donovan Corrections Facility. Service of the second OSC was successful; the OSC was not returned to the court as undeliverable. In the OSC Defendant was required to file a response within 30 days showing cause why default should not be entered

against her. The 30-day time period passed and Defendant did not respond to the OSC. As of the date of this order it has been more than 2 months since the court served the second OSC on Defendant Casas.

Defendant has continuously failed to defend this action. Furthermore, the undersigned warned Defendant that failure to respond to the OSC may result in entry of default against her. (ECF No. 57 at 2 ¶ 3.) Based on the foregoing the court finds that Defendant Casas is in default. Consequently, the court shall grant Plaintiff's request for entry of default.

To accomplish the second step, Plaintiff must file a motion for default judgment against Defendant Casas. Plaintiff's motion for default judgment filed on December 23, 2019, is premature because under Rule 55(b), the motion for default judgment must be filed "**after** default is properly entered." Fed. R. Civ. P. Rule 55(b). Here, Plaintiff has filed the motion for default judgment **before** default was properly entered. Therefore, the court shall deny Plaintiff's motion for default judgment as premature, without prejudice to renewing the motion at a later stage of the proceedings.

**IV. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for entry of default against Defendant Casas, filed on December 23, 2019, is GRANTED;
2. Plaintiff's motion for default judgment against Defendant Casas, filed on December 23, 2019, is DENIED as premature, without prejudice to renewal of the motion at a later stage of the proceedings; and
3. The Clerk of Court is DIRECTED to enter default against Defendant Correctional Officer Casas and serve a copy of this order on defendant.

IT IS SO ORDERED.

Dated: **March 27, 2020**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE