UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALADIN RUSHDAN aka ROBERT STANLEY WOODS,<br><br>Plaintiff,<br><br>vs.<br><br>D. DAVEY, et al.,<br><br>Defendants. | 1:16-cv-00988-NONE-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR COURT TO FIND DEFENDANT CASAS IN CONTEMPT OF COURT**<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S REQUEST FOR COURT TO GRANT HIS MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT CASAS**<br><br>**(ECF No. 58.)** |

**I.　BACKGROUND**

Saladan Rushdan aka Robert Stanley Woods ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Second Amended Complaint (2ACP) filed on March 9, 2018, against defendant Correctional Officer Casas ("Defendant") for use of excessive force in violation of the Eighth Amendment and related state claims. (ECF No. 28.)

1

On January 31, 2020, Plaintiff filed a motion for the court to find Defendant Casas in contempt of court and to grant Plaintiff's request for entry of default against Defendant Casas filed on December 23, 2019. (ECF No. 58.) Defendant Casas has not filed an opposition or otherwise responded to Plaintiff's motion and request, and the time to respond has expired. L.R. 230(*l*). Based on the applicable law, the court denies Plaintiff's motion for the court to find defendant Casas in contempt of court and denies as moot Plaintiff's motion for the court to grant his request for entry of default.

## II.   CONTEMPT OF COURT

A party seeking a finding of civil contempt "has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting Stone v. City and County of San Francisco, 968 F.2d 850, 856 n.9 (9th Cir. 1992) (citations omitted)). Petitioner must show more than "merely a preponderance of the evidence," see U.S. v. Ayres, 166 F.3d 991, 994 (9th Cir. 1999) (quoting In re Dual–Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993)), but the standard is "less stringent than beyond a reasonable doubt." Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 466 (9th Cir. 1989) (citing United States v. Powers, 629 F.2d 619, 626 n. 6 (9th Cir. 1980)). The decision to hold a party in contempt of a court order rests with the sound discretion of the trial court. Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1022 (9th Cir. 1985). A court will not find a party in contempt when the party has taken all reasonable steps to comply with the court's order, so "[s]ubstantial compliance with the court order is a defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply." Dual–Deck, 10 F.3d at 695.

A district court has the inherent authority to enforce compliance with its orders through a civil contempt proceeding, Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827–28 (1994), and broad equitable power to order appropriate relief, FTC v. EDebitPay, LLC, 695 F.3d 938, 945 (9th Cir. 2012). "Civil contempt . . . consists of a party's disobedience of a specific and definite court order by failure to take all reasonable steps within the party's power

to comply." Dual-Deck, 10 F.3d at 695. The violation "need not be willful . . ." Id. (internal quotation marks and citation omitted).

To establish that Defendant Casas should be held in civil contempt, Plaintiff first must demonstrate by clear and convincing evidence that Defendant Casas violated a court order "beyond substantial compliance, and that the violation was not based on a good faith and reasonable interpretation of the [order]." Wolfard Glassblowing Co. v. Vanbragt, 118 F.3d 1320, 1322 (9th Cir. 1997). If Plaintiff meets this initial burden, the burden then shifts to Defendant to demonstrate that she "took every reasonable step to comply." Stone, 968 F.2d at 856 n. 9.  Thus, to hold Defendant Casas in civil contempt, the court must "determine (1) that [she] violated [a] court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." Dual-Deck, 10 F.3d at 695.

### III. PLAINTIFF'S MOTION

Plaintiff moves the court to find Defendant Casas in contempt of court. Plaintiff sets forth the following facts in support of her motion.

1. The defendant was properly served after years long waiting by Plaintiff;
2. The defendant is in violation of Rule 55(a), Fed. R. Civ. P;
3. Without a check on defendant, defendant can and will continue her conduct unabated.  And continue to endanger Plaintiff's Health and Safety by simply waiving a reply;
4. Plaintiff does not believe that "Congress" could really have intended to eliminate any "essential" procedure from a prisoner's right to litigate.  Especially if the defendant has a history of assaulting, abusing and harassing a Plaintiff;
5. While at Donavan, Plaintiff didn't have any major issues until he encountered the defendant who formerly worked at Corcoran.  Then all the same old issues began again; and

///
///
///

|   |   |   |
|---|---|---|
| 1 | 6. | Using surrogates who also were "booted out" of Corcoran, the defendant with no fear of consequences continues to endanger Plaintiff's health and safety. This "chilled" the Plaintiff. |

(ECF No. 58 at 1-2.)

Plaintiff argues that Defendant Casas cannot escape justice simply by ignoring the court, and that it is illegal to interfere with Plaintiff's First Amendment right to pursue legal action to gain redress.

## IV.  DISCUSSION

Plaintiff requests the court to find Defendant Casas in contempt of court, purportedly because Defendant Casas has not defended herself in this action. Plaintiff has not argued that Defendant violated a specific and definite order of the court, but rather that Defendant has violated Rule 55 of the Federal Rules of Procedure by "waiving a reply" to the Second Amended Complaint and thus depriving Plaintiff of his right to litigate the complaint. (ECF No. 58 at 3:15.) While it is true that Defendant has not responded to the court's orders to show cause, Plaintiff does not focus on those particular orders. Instead, Plaintiff argues that his health and safety are at risk because without Defendant Casas' appearance in this case, she (Casas) will continue her conduct unabated by assaulting, abusing, and harassing Plaintiff. Plaintiff has not met his burden to demonstrate by clear and convincing evidence that Defendant Casas violated a court order "beyond substantial compliance, and that the violation was not based on a good faith and reasonable interpretation of the [order]." Wolfard Glassblowing Co., 118 F.3d at 1322.

Here, Plaintiff's remedy is through Fed. R. Civ. P. Rule 55, not a contempt of court proceeding. In fact, Plaintiff 's motion for entry of default under Rule 55, filed on December 23, 2019, has already been granted and default was entered against Defendant Casas by the Clerk. Therefore, Plaintiff's motion for the court to find Defendant Casas in contempt of court shall be denied.

Moreover, since the court entered default against Defendant Casas on March 27, 2020, Plaintiff's motion for the court to grant his request for entry of default is moot and shall be denied as such.

**III. CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the court to find Defendant Cases in contempt of court, filed on January 8, 2020, is DENIED; and

2. Plaintiff's motion for the court to grant Plaintiff's request for entry of default, filed on January 8, 2020, is DENIED as moot.

IT IS SO ORDERED.

Dated: **April 3, 2020**        **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE