UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALADIN RUSHDAN aka ROBERT STANLEY WOODS,<br><br>    Plaintiff,<br><br>vs.<br><br>D. DAVEY, et al.,<br><br>    Defendants. | 1:16-cv-00988-NONE-GSA-PC<br><br>**ORDER GRANTING DEFENDANT CASAS' MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED SURREPLY**<br>**(ECF No. 71.)**<br><br>**ORDER STRIKING SURREPLY**<br>**ECF No. 70.)** |

**I.  BACKGROUND**

    Saladan Rushdan aka Robert Stanley Woods ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's Second Amended Complaint (2ACP) filed on March 9, 2018, against defendant Correctional Officer Casas ("Defendant") for use of excessive force in violation of the Eighth Amendment and related state claims.  (ECF No. 28.)

    On April 7, 2020, Defendant Casas filed a motion to set aside entry of default.  (ECF No. 67.)  On April 23, 2020, Plaintiff filed an opposition to Defendant's motion.  (ECF No. 68.)  On

April 28, 2020, Defendant Casas filed a reply to Plaintiff's opposition. (ECF No. 69.) On May 11, 2020, Plaintiff filed an opposition to Defendant's reply. (ECF No. 70.)

On May 13, 2020, Defendant filed a motion to strike Plaintiff's opposition to Defendant's reply as an unauthorized surreply. (ECF No. 71.) Plaintiff has not opposed the motion.

## II.   SURREPLY

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, https://definitions.uslegal.com/s/sur-reply/ (last visited August 13, 2019). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. 2005).

## III.   DEFENDANT'S MOTION

Defendant Casas moves to strike Plaintiff's surreply on the ground that it is unauthorized. Defendant asserts that her reply to Plaintiff's opposition was filed on April 28, 2020, and thus Defendant's motion was deemed submitted on that date. Defendant argues that Plaintiff's second opposition did not present new evidence, which may warrant a surreply, but rather Plaintiff filed the surreply in an attempt to rebut Defendant's reply. Thus, because Plaintiff did not obtain leave of court to file a surreply or establish good cause why he should be granted leave, Defendant argues that the court should strike Plaintiff's impermissible surreply from the record.

## IV.   DISCUSSION

Plaintiff's opposition filed on May 11, 2020, is Plaintiff's second opposition to Defendant's motion to set aside entry of judgment. The second opposition is a surreply because it was filed after Defendant's motion was fully briefed. The motion was fully briefed and submitted on the record under Local Rule 230(*l*) on April 28, 2020, when Defendant filed a reply to Plaintiff's first opposition. (ECF No. 69.)

In this case, the court neither requested a surreply, nor granted a request on Plaintiff's behalf to file a surreply. Plaintiff's surreply does not raise new arguments, and Plaintiff has not

shown good cause for the court to allow him to file a surreply at this juncture. Therefore, Plaintiff's surreply shall be stricken from the record.[1]

**V.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant Casas' motion to strike, filed on May 13, 2020, is GRANTED; and
2. Plaintiff's surreply, filed on May 11, 2020, is STRICKEN from the record.

IT IS SO ORDERED.

Dated:   **May 20, 2020**                         **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] A document which is "stricken" will not be considered by the court for any purpose.