1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11 | SALADIN RUSHDAN aka
   | ROBERT STANLEY WOODS,

12 |                                    1:16-cv-00988-NONE-GSA-PC

   |                Plaintiff,           **FINDINGS AND RECOMMENDATIONS,**
13 |                                    **RECOMMENDING THAT DEFENDANT**
   |         vs.                        **CASA'S MOTION TO SET ASIDE ENTRY**
14 |                                    **OF DEFAULT BE GRANTED, AND**
   | D. DAVEY, et al.,                  **PLAINTIFF'S REQUEST FOR DEFAULT**
15 |                                    **JUDGMENT BE DENIED**
   |                Defendants.
16 |                                    **(ECF Nos. 65, 67.)**

17 |                                    **OBJECTIONS, IF ANY, DUE WITHIN**
   |                                    **FOURTEEN (14) DAYS**
18

19

20

21   **I.      BACKGROUND**

22          Saladan Rushdan aka Robert Stanley Woods ("Plaintiff") is a state prisoner proceeding

23   *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with

24   Plaintiff's Second Amended Complaint filed on March 9, 2018, against defendant Correctional

25   Officer Casas ("Defendant") for use of excessive force in violation of the Eighth Amendment

26   and related state claims.  (ECF No. 28.)

27          On March 27, 2020, the court granted Plaintiff's motion for entry of default against

28   defendant Casas, and the Clerk entered default.  (ECF Nos. 62, 63.)

1         On April 3, 2020, Plaintiff filed a request for default judgment against defendant Casas.

2    (ECF No. 65.)   Defendant has not filed an opposition.

3         On April 7, 2020, defendant Casas filed a motion to set aside the March 27, 2020 entry

4    of default against her.   (ECF No. 67.)   On April 23, 2020, Plaintiff filed an opposition to

5    Defendant's motion.  (ECF No. 68.)  On April 28, 2020, Defendant filed a reply to the opposition.

6    (ECF No. 69.)

7         Plaintiff's request for default judgment and Defendant's motion to set aside the entry of

8    default are now before the court.   Local Rule 230(*l*).

9    **II.    DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

10        Federal Rule of Civil Procedure 55(c) allows entry of default to be set aside "for good

11   cause." What constitutes "good cause" is within the discretion of the trial court. See Haw.

12   Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986) ("Rule 55(c) frees a court

13   considering a motion to set aside a default entry from the restraint of Rule 60(b) and entrusts

14   determination to the discretion of the court."); Franchise Holding II, LLC v. Huntington

15   Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004) (reviewing district court's set aside

16   of default for abuse of discretion).  The burden rests with the moving party.  See id. at 926.  "The

17   court's discretion is especially broad where, as here, it is entry of default that is being set aside,

18   rather than a default judgment." Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945

19   (9th Cir. 1986).   "[T]he district court's decision on a motion to set aside default is [not] an abuse

20   of discretion unless it was "clearly wrong" in its determination of good cause.  Id. "Where timely

21   relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should

22   be resolved in favor of the motion to set aside the default so that cases may be decided on their

23   merits." O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994), as amended (July 1, 1994),

24   as amended (July 12, 1994) (quoting Mendoza, 783 F.2d at 945-46).

25        The Ninth Circuit has identified three factors as important in a Rule 55(c) good-cause

26   analysis: (1) the moving party's culpable conduct, (2) prejudice to the non-moving party, and (3)

27   the moving party's meritorious defenses. See Franchise Holding II, LLC, 375 F.3d at 925–26;

28   Alan Neuman Prod's, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988); *accord* U.S. Signed

1  Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010).  Although the

2  burden rests on the moving party, the factors are to be "liberally interpreted" in favor of setting

3  aside default. Haw. Carpenters' Trust Funds, 794 F.2d at 513; Nilsson, Robbins, Dalgarn,

4  Berliner, Carson & Wurst v. La. Hyrdrolec, 854 F.2d 1538, 1546 (9th Cir. 1988) (*per curiam* )

5  ("philosophy of modern federal procedure favors trials on the merits") (quoting Thorpe v.

6  Thorpe, 364 F.2d 692, 694 (D.C.Cir. 1966)).  A sufficient finding against the movant on any one

7  factor negates good cause. See Franchise Holding II, LLC, 375 F.3d at 926 ("As these factors are

8  disjunctive, the district court was free to deny the motion if any of the three factors was true.")

9  (internal citation omitted).

10        **A.        Culpable Conduct**

11        Only intentional conduct is sufficiently culpable to deny a motion to set aside default.

12  See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 698 (9th Cir. 2001) ("[W]e have

13  typically held that a defendant's conduct was culpable for purposes of the [Rule 55(c) or 60(b) ]

14  factors where there is no explanation of the default inconsistent with a devious, deliberate,

15  willful, or bad faith failure to respond."), *overruled on other grounds*, Egelhoff v. Egelhoff ex

16  rel. Breiner, 532 U.S. 141, 147–50, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001).

17        Here, Defendant claims she was not aware that default had been entered against her until

18  April 1, 2020. (Casas Decl. Exh. A at ¶ 7.)  At the time she signed the Waiver of Service of

19  Summons in August 2019, Litigation Coordinator Garnica was not present and she was told by

20  his back-up assistant that she needed to sign this document.  (Id. at 5.)  Based on the assistant's

21  representation, and Casas' prior training and experience related to inmate litigation, Casas

22  expected and believed that the Office of the Attorney General was actively representing her in

23  this matter. (Id. at ¶ 5.)  She never intentionally failed to respond to Plaintiff's Complaint. (Id.

24  at ¶¶ 7, 8.)  However, unbeknownst to Casas, neither Litigation Coordinator Garnica nor his back-

25  up assistant requested representation from the Office of the Attorney General.  (Id. at ¶ 5.)  And,

26  unbeknownst to Litigation Coordinator Garnica, the signed Waiver of Service of Summons had

27  been returned to the court presumably by his back-up assistant.  (Garnica Decl. Exh. B, at ¶¶ 4,

28  5.)  Garnica left his position as Litigation Coordinator shortly after these events, so he was also

1    unaware that default had been entered until he was contacted by defense counsel on April 1,

2    2020.  (Id. at ¶¶ 4, 5, 6.)

3        Plaintiff asserts that Defendant was served at the R.J. Donovan prison in San Diego,

4    California, on August 1, 2019, and "chose freely" to execute a waiver of service which plainly

5    stated that a response was due within 60 days from August 1. 2019.  (ECF No. 68 at 2:6.)  Plaintiff

6    asserts that Defendant had 60 days to respond to the notice of possible default and at no time did

7    Defendant ask for an extension of time or respond in any way.  (Id. at 2:22-26.)

8        The court issued orders on December 3, 2019 and January 8, 2020, requiring Defendant

9    to file a response within thirty days as to why default should not be entered.  (Id. at 2:10-11, 16-

10   18.)  Plaintiff argues that Defendant willfully chose to ignore the court's orders for eight months.

11       Defendant responds that Plaintiff makes unsupported and speculative statements that

12   ignore Defendant's sworn declaration in which she states she was unaware default had been

13   entered against her until April 1, 2020, and that she never intentionally failed to respond to

14   Plaintiff's complaint.

15   **B.    Prejudice**

16       To prevent setting aside default, prejudice to a non-moving party "must result in greater

17   harm than simply delaying resolution of the case [,][r]ather, the standard is whether [the non-

18   movant's] ability to pursue his claim will be hindered."  FOC Fin. Ltd. P'ship v. Nat'l City

19   Commercial Capital Corp., 612 F. Supp. 2d 1080, 1082–85 (D. Ariz. 2009) (quoting TCI Group

20   Life Ins. Plan, 244 F.3d at 701). "[M]erely being forced to litigate on the merits cannot be

21   considered prejudicial for purposes of lifting a default judgment."  Id.

22       Defendant argues that Plaintiff will not be prejudiced if entry of default is set aside

23   because discovery has not been opened in this case and no merits-based motions have been filed.

24   Defendant also notes that Plaintiff himself caused delays by waiting nearly two years to bring

25   this lawsuit and failing to serve Defendant himself, despite being ordered to so by the court.

26   Defendant asserts that if the court sets aside the entry of default, Plaintiff will merelybe forced

27   to litigate his case on the merits, which does not amount to prejudice.

28

In his opposition, Plaintiff does not address prejudice and thus fails to identify any prejudice he would suffer if the entry of default is set aside.

### C.      Meritorious Defense

The movant "is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default." FOC Fin. Ltd. P'ship, 612 F. Supp. 2d at 1082-85 (citing Haw. Carpenters' Trust Funds, 794 F.2d at 513.  To satisfy the "some showing" standard, the movant must "present specific facts that would constitute a defense" FOC Fin. Ltd. P'ship, 612 F. Supp. 2d at 1082-85 (quoting  TCI Group Life Ins. Plan, 244 F.3d at 700).

Defendant adamantly denies all allegations against her.  (Casas Decl. Exh. A at ¶ 6.)  She denies that she ever used unnecessary or excessive force on Plaintiff and did not dig her fingernails into Plaintiff's arm, twist his skin, squeeze the handcuffs on his wrists, or try to slam Plaintiff's face into the wall.  (Id.)

In his opposition, Plaintiff does not address whether Defendant has a meritorious defense.

### D.      Discussion

Defendant has set out specific facts pertinent to a meritorious defense as required by Rule 55(c), giving the court discretion to grant Defendant's motion and set aside the entry of default against her.  It is also noted that Defendant provides evidence that her failure to timely file an answer to the complaint was the result of her lack of knowledge that her case had not been referred to counsel, through no fault of her own, and had no bearing on the disposition of the case. Defendant promptly filed a motion to set aside the default when she was made aware of what had happened.  Plaintiff offers no evidence except his own speculation in support of his argument that Defendant willfully refused to respond to service of the complaint and the court's orders.  Defendant also correctly states that discovery has not been opened in this case and no merits-based motions have been filed; therefore, if the court sets aside the entry of default, Plaintiff will merely be forced to litigate his case on the merits, which does not amount to prejudice.

Thus, Defendant's failure to timely answer the complaint is neither culpable conduct nor a basis for denying the motion to set aside entry of default.  The court shall recommend that Defendant's motion be granted.

**III.    PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT**

Default is generally disfavored. In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d at 1091 (citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984); see also Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006); Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 890 (9th Cir. 2001).  Pursuant to Federal Rule of Civil Procedure 55(b), a court may order default judgment following the entry of default by the Clerk of the Court. It is within the sound discretion of the district court whether to enter default judgment. Aldabe v. Aldabe, 616 F.2d 1089, 1092–93 (9th Cir. 1980). In Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set forth the following factors for consideration in determining whether to grant default judgment:  (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel, 782 F.2d at 1471–72 ("Eitel factors").

Plaintiff requests that default judgment be entered against Defendant Casas for her failure to present a plausible defense in this action and for default having been entered against her. Plaintiff argues that because of Defendant's failure to timely respond to the Complaint after service, Plaintiff is entitled to compensation in this case, a verdict, entry of judgment in his favor, and an award of damages.  However, here Plaintiff's motion for default judgment must be denied if the default entered against Defendant Casas on March 27, 2020 is set aside.   Without an entry of default, Plaintiff cannot obtain a default judgment. Fed. R. Civ. P. 55(b).   Reddy v. Mediscribes, Inc., No. EDCV191677JGBSPX, 2020 WL 2220203, at *7 (C.D. Cal. Feb. 4, 2020)

**IV.     CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.      Defendant Casas's motion to set aside entry of default, filed on April 7, 2020, be GRANTED; and

2.      Plaintiff's request for default judgment, filed on April 3, 2020, be DENIED.

These Findings and Recommendation will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1).  Within **fourteen (14) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within ten (10) days after the date the objections are filed.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    **June 1, 2020**                     **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE