UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALADIN RUSHDAN aka ROBERT STANLEY WOODS,<br><br>    Plaintiff,<br><br>vs.<br><br>D. DAVEY, et al.,<br><br>    Defendants. | **1:16-cv-00988-NONE-GSA-PC**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REIMBURSEMENT**<br>**(ECF No. 79.)** |

**I.     BACKGROUND**

Saladan Rushdan aka Robert Stanley Woods ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's Second Amended Complaint filed on March 9, 2018, against defendant Correctional Officer Casas ("Defendant") for use of excessive force in violation of the Eighth Amendment and related state claims.  (ECF No. 28.)

On July 23, 2020, Plaintiff filed a motion for reimbursement of funds.  (ECF No. 79.)  On August 20, 2020, Defendant filed an opposition to the motion.  (ECF No. 83.)

**II.    MOTION FOR REIMBURSEMENT**

Plaintiff contends that he is entitled to attorney's fees as reimbursement for his labor, postage, paper, copies, and anxiety.  Defendant argues that Plaintiff's motion is premature

1

because the case is not concluded and Plaintiff has not been found to be the prevailing party; Plaintiff has not provided any documentation that he actually incurred any costs; and, because plaintiff is proceeding *pro se he* is not entitled to an award of attorney's fees.

Defendant's arguments have merit. As a plaintiff proceeding *pro se* with this case, Plaintiff is not entitled to attorney's fees. "In any action or proceeding to enforce a provision of section[] 1983. . . , the court, in its discretion, may allow the prevailing party. . . reasonable attorney's fees. . . ." 42 U.S.C. § 1988(b). Plaintiff's contention that he is entitled to attorney's fees for his time spent or anxiety suffered while litigating this case is without merit. Plaintiff is representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees. See Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990), superseded by statute as stated in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005); Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987); see also Rickley v. Cnty. of Los Angeles, 654 F.3d 950, 954 (9th Cir. 2011) ("The Court accordingly adopted a per se rule, categorically precluding an award of attorney's fees under § 1988 to a *pro se* attorney-plaintiff.") Therefore, Plaintiff's motion for reimbursement of funds shall be denied.

### III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reimbursement of funds, filed on July 23, 2020, is DENIED.

IT IS SO ORDERED.

   Dated:   **September 5, 2020**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE